### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO AMELIO, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civil Action No. 21-1581 |
| | ) |
| RONDA J. WINNECOUR, | ) Appeal Related to: |
| Trustee, | ) Bankruptcy Case No. 20-23552 |
| | ) |
| Appellee. | ) |

### MEMORANDUM AND ORDER OF COURT

Presently before the Court is Appellee Ronda J. Winnecour, Trustee's Motion to Dismiss Appeal of Appellant Alfonso Amelio. (Docket No. 12). For the reasons set forth herein, Appellee's motion to dismiss will be granted.

**I.     BACKGROUND**

On November 3, 2021, Appellant filed his Notice of Appeal of the Bankruptcy Court Order dismissing with prejudice his bankruptcy case (Bankruptcy Case No. 20-23552, Docket No. 207). (Docket No. 1). On December 20, 2021, Appellant filed his first motion for an extension of time in which to file his opening brief and appendix (Docket No. 3), and the next day, December 21, 2021, Appellant filed a motion to consolidate three of his bankruptcy appeals with one fee payment and one brief to be filed at a later date (Docket No. 4). On August 30, 2022, the Court denied as moot Appellant's motion to consolidate appeals, and granted Appellant's first motion for an extension of time in which to file his opening brief. (Docket No. 7 at 7).

On September 20, 2022, Appellant filed his second motion for an extension of time in which to file his opening brief and appendix, which the Court granted. (Docket Nos. 8, 9). In

1

granting Appellant's motion, the Court stated, "No further extensions shall be granted absent extraordinary circumstances." (Docket No. 9 at 1).

On October 26, 2022, Appellant filed his third, and last, motion for an extension of time in which to file his opening brief and appendix, which the Court granted. (Docket Nos. 10, 11). In granting Appellant's last motion for an extension, the Court ordered that the brief and appendix was to be filed by November 30, 2022, and explicitly indicated that "NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED IN THIS CASE." (Docket No. 11 (emphasis in original)).

To date, Appellant has yet to file his opening brief or appendix, nor has he filed any additional motions in this case. On December 7, 2022, Appellee filed a motion to dismiss Appellant's bankruptcy appeal. (Docket No. 12). Appellant has not filed any response to Appellee's motion to dismiss.

## II. <u>ANALYSIS</u>

District courts are generally permitted to dismiss bankruptcy appeals when appellants fail to comply with applicable rules. *See In re Lawson*, 774 F. App'x 58, 59 (3d Cir. 2019); *In re Truong*, 513 F.3d 91, 93 n.2 (3d Cir. 2008). Under Federal Rule of Bankruptcy Procedure 8001(a), "the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules." *In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006). Additionally, Federal Rule of Bankruptcy Procedure 8018(a)(4) authorizes dismissal of a case for failure to file a brief. *See In re Ruiz*, 776 F. App'x 750, 751-52 (3d Cir. 2019); *Lawson v. Gallagher*, No. 1:18-cv-17459, 2021 WL 2530721, *2-3 (D.N.J. June 21, 2021).

In determining whether dismissal of an appeal is appropriate, the Third Circuit Court of Appeals has indicated that the district court must weigh the "*Poulis* factors." *See In re Lawson*, 774 F. App'x at 60 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which sets forth a variety of factors for district courts to consider before dismissing a complaint). Accordingly, the district court considers the following six factors to determine whether dismissal is the appropriate sanction for failure to prosecute or to obey court orders: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis*, 747 F.2d at 868-70. All six factors need not be satisfied, however, to warrant the sanction of dismissal. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (reiterating that not all of the *Poulis* factors need be satisfied in order to dismiss a case). Furthermore, the decision to dismiss is accorded "great deference," provided the district court states its rationale for ordering dismissal. *In re Lawson*, 774 F. App'x at 60 (internal quotation marks and citation omitted).

*The extent of the party's personal responsibility*:

Turning to consideration of the *Poulis* factors here, first, Appellant is proceeding in this matter *pro se*, so he is personally responsible for prosecuting the case and complying with the Court's orders. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation."). Appellant was well aware that there was a deadline to file his brief and appendix, and indeed, the deadline has already been extended three times on motions filed by Appellant. (Docket Nos. 3, 8, 10). Additionally, as the Court

3

noted in its prior order, Appellant and his brothers and an affiliate are very experienced bankruptcy court litigants who surely know that deadlines are required for bankruptcy appeals. (Docket No. 7 at 4-5). Accordingly, the Court finds that the first *Poulis* factor weighs in favor of dismissal.

*Prejudice to the adversary caused by the failure to meet scheduling orders*:

Second, this appeal has been pending since November 2021, and Appellant's brief was originally due on December 20, 2021. (Docket No. 3 at 2). Appellee represents that, although the Trustee's case has not been directly prejudiced by the delay, there is a burden on Appellee's resources that is imposed by Appellant's failure to move the case along. Thus, the Court finds that the second *Poulis* factor is at best neutral, and likely leans in favor of dismissal.

*History of dilatoriness*:

Third, there is an extensive history of dilatoriness here. As noted, the deadline to file Appellant's opening brief and appendix has been extended three times, which has resulted in over a year and a half passing since the brief was first due. Appellant has also filed no response to Appellee's motion to dismiss his appeal. In the Court's estimation, Appellant's non-compliance with the Court's orders to file his brief, along with his failure to respond in any way to Appellee's motion to dismiss his appeal, demonstrates a history of dilatoriness sufficient to indicate that Appellant does not intend to proceed with this case. *See Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." (internal quotation marks and citation omitted)). The Court therefore finds that this factor weighs in favor of dismissal.

*Whether the conduct of the party or attorney was willful or in bad faith*:

Fourth, because nothing in the record indicates that Appellant's failure to file his brief in accordance with the Bankruptcy Rules and the Court's orders is the result of any excusable neglect, the Court is compelled to conclude that Appellant's non-compliant conduct is willful. *See Zomerfeld v. Lowes*, No. 3:22-CV-00422, 2022 WL 3588325, at *4 (M.D. Pa. Aug. 2, 2022) (finding that the plaintiffs' conduct was willful where non-compliance reflected an ongoing disregard for the case and the court's instructions). Moreover, given the history of dilatoriness in this appeal, as well as in the underlying bankruptcy case itself (and prior bankruptcy filings) as found by the Bankruptcy Court (Bankruptcy Case No. 20-23552, Docket No. 197), Appellant's good faith would seem to be at issue here. Accordingly, the Court finds that, given Appellant's repeated failure to comply with the Court's orders to file his brief, as well as his failure to file a response to Appellee's motion to dismiss, Appellant's conduct appears to be willful, and this factor weighs in favor of dismissal.

*Effectiveness of sanctions other than dismissal*:

Fifth, the Court considers whether sanctions other than dismissal will be effective. Here, alternative sanctions for failing to file a brief in order to prosecute the case, such as monetary sanctions or a finding of contempt, are unsuitable given that Appellant is proceeding *pro se*. *See Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008) (observing that alternative sanctions such as monetary sanctions would not be an effective alternative where a party is proceeding *pro se*). Furthermore, no sanction short of dismissal is appropriate here, as Appellant has had well over a year and a half to prosecute his appeal by filing a brief and has failed to do so. Accordingly, the court finds that this factor weighs in favor of dismissal.

*Meritoriousness of the claim or defense*:

Finally, while the Court makes no determination as to the merit of Appellant's claims, it is impossible for the Court to proceed with an action involving an unresponsive *pro se* litigant. That being said, as discussed in Appellee's motion to dismiss, the Bankruptcy Court does not appear to have abused its discretion in issuing the order in question here, dismissing the case with prejudice following a scheduled hearing at which Appellant failed to appear, after Appellant had failed to comply with various court orders and had filed a bankruptcy case seemingly in line with his history of serial filings that include minimal documentation, no upfront filing fees, and a blatant ignorance of the requirements and disclosures necessary to move the ball forward. (Bankruptcy Case No. 20-23552, Docket Nos. 207; 225 at 20-21). However, affording Appellant the benefit of the doubt, the Court finds that this factor is neutral in its *Poulis* analysis.

*Balancing of the factors*:

In balancing the *Poulis* factors, no one factor is dispositive, and there is no "magic formula" or "mechanical calculation" with regard to the analysis. *See Briscoe*, 538 F.3d at 263 (internal quotation marks and citation omitted). Upon balancing the *Poulis* factors here, the Court finds that at least four factors weigh in favor of dismissal, and none weigh against dismissal. Accordingly, dismissal of the appeal for failure to file a brief in compliance with Federal Rule of Bankruptcy Procedure 8018(a)(4), as well as for failure to prosecute the appeal under Federal Rule of Bankruptcy Procedure 8001(a), is warranted.

### III. CONCLUSION

For the reasons discussed, the Court finds that dismissal is appropriate under Federal Rules of Bankruptcy Procedure 8018(a)(4) and 8001(a).

An appropriate order follows.

## ORDER OF COURT

AND NOW, this 7th day of August, 2023, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Appellee Ronda J. Winnecour, Trustee's Motion to Dismiss Appeal of Appellant Alfonso Amelio (Docket No. 12) is granted, and this case is dismissed pursuant to Federal Rules of Bankruptcy Procedure 8018(a)(4) and 8001(a).

The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

Alfonso Amelio (via U.S. mail)

The Honorable Gregory L. Taddonio, United States Bankruptcy Judge